# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT GALINDO GONZALEZ, | Case No. 1:14-cv-00173-SKO (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, BASED ON MISJOINDER OF CLAIMS AND PARTIES |
| v. | |
| G. GIURBINO, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.      Misjoinder of Claims and Parties**

Plaintiff Everett Galindo Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 3, 2014.  The Court has reviewed Plaintiff's complaint and determined that it sets forth misjoined claims and parties.

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined

1 under Rule 20(a) will the Court review the other claims to determine if they may be joined under
2 Rule 18(a), which permits the joinder of multiple claims against the same party.

3       Here, Plaintiff is bringing unrelated claims against unrelated parties in this action, which
4 he will not be permitted to do.  Plaintiff's claims are based on three general categories of events:
5 his challenge to his gang revalidation and the prison's "step down program;" infringement on his
6 religious exercise vis a vis the denial of religious materials, access to a rabbi, and kosher meals;
7 and the failure to provide him with proper medical care for his migraine headaches and the hip and
8 back injuries he sustained when he fell during a migraine.  These three categories of claims arise
9 from different events and they do not share common questions of law or fact.

10       Plaintiff shall choose which claims to pursue in this action: his gang validation claims, his
11 religion claims, or his medical care claims.  To that end, Plaintiff's complaint shall be dismissed,
12 with leave to amend.  Once Plaintiff files an amended complaint curing the deficiency with respect
13 to improper joinder, the Court will screen his claims on the merits.  28 U.S.C. § 1915A.  Plaintiff
14 is cautioned that if he fails to make the requisite election regarding which category of claims to
15 pursue and his amended complaint again sets forth improperly joined claims, the Court will
16 determine which claims proceed and which will be dismissed.  Fed. R. Civ. P. 21; *Visendi v. Bank*
17 *of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).

18 **II.**    **<u>Order</u>**

19       Based on the foregoing, the Court HEREBY ORDERS as follows:

20       1.    Plaintiff's complaint is dismissed, with leave to amend, based on misjoinder of
21 claims and parties;

22       2.    The Clerk's Office shall send Plaintiff a complaint form;

23       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
24 amended complaint, not to exceed twenty-five pages, curing the misjoinder deficiency; and

25 ///
26 ///
27 ///
28 ///

1     4.     The failure to file an amended complaint will result in dismissal of this action.

IT IS SO ORDERED.

    Dated:   **July 28, 2014**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE