# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT GALINDO GONZALEZ, | Case No. 1:14-cv-00173-AWI-SKO (PC) |
| Plaintiff, | ORDER DIRECTING PARTIES TO ADVISE WHETHER THEY STIPULATE TO DISMISSAL OF THIS ACTION PER FEDERAL RULE OF CIVIL PROCEDURE 41 |
| v. | |
| GUIRBINO, et al., | |
| Defendants. | (Doc. 36) |

Plaintiff, Everett Galindo Gonzalez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 3, 2014. On October 6, 2016, Plaintiff filed a motion to voluntarily dismiss this action without prejudice. (Doc. 36.) The Court construes Plaintiff's notice as an attempt to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41 ("Rule 41").

Rule 41(a)(1)(A) allows a Plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Subsection (B) of Rule 41 provides that, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Subsection (2) of Rule 41 provides in pertinent part that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court

considers proper. . . ." Defendants have answered and their motion for summary judgment is currently pending. Thus, at this stage in the litigation, Plaintiff may not simply dismiss the action of his own accord.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall file a statement within **fifteen (15) days** from the date of service of this order indicating whether they are willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41;
2. If Defendants are willing to stipulate to dismissal, defense counsel shall concurrently submit a statement stipulating to dismissal of this action on Defendants' behalf which shall indicate:
    (a) whether Defendants stipulate to dismissal of the action with or without prejudice, and
    (b) whether Defendants are willing to waive costs to which they might otherwise be entitled;[1]
3. If Defendants are not willing to stipulate to the dismissal of this action, defense counsel shall concurrently submit any objections.

IT IS HEREBY FURTHER ORDERED that Plaintiff shall take one of the following actions within **twenty-five (25) days** of the date defense counsel's response is filed with the Court:

1. If Defendants are willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41, Plaintiff shall submit a statement, signed under penalty of perjury, indicating whether he desires to stipulate to dismissal of this action on any terms and/or conditions set forth in Defendant's response; and
2. If Defendants are not willing to stipulate to dismissal of this action, Plaintiff shall file his response to any objections raised by Defendants.

/ / /

---

[1] Defendants' position on costs should note the recent Ninth Circuit ruling which found an abuse of discretion where costs were awarded against a *pro se* inmate plaintiff. *See Draper v. Rosario*, --- F.3d ---, 2016 WL 4651407, *12-13 (9th Cir. Sept. 7, 2016).

2

1  Plaintiff's duty to file an opposition to Defendants' pending motion for summary judgment
2 is stayed pending resolution of his motion for voluntary dismissal.

IT IS SO ORDERED.

Dated:  **October 7, 2016**                         /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE